IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02349-REB-BNB

JESUS ZAPIEN,

    Plaintiff,

v.

HOME DEPOT, USA, INC.,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment and Brief in Support Thereof** [#25][1] filed June 9, 2010. I grant the motion and dismiss plaintiff's claims.[2]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

## III. ANALYSIS

This action arises from injuries plaintiff suffered when he received an electrical shock while using a sewer snake he had rented from his local Home Depot store. Plaintiff alleged claims for strict products liability, breach of warranty, breach of implied warranty of merchantability and fitness for a particular purpose, strict product liability for misrepresentation, and negligence. Defendant claims that it is shielded from these claims under the "innocent seller" provision of the Colorado Product Liability Act. It further maintains that plaintiff's failure to designate an expert to suggest that the product was defective in any way is fatal to his claim of negligence. I agree on both counts, and, therefore, grant defendant's motion.

> The Colorado Product Liability Act applies to
>
> > any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product.

§13-21-410(2), C.R.S. The statute provides, in relevant part, that "[n]o product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the product liability action." §13-21-402(1), C.R.S. Concomitantly, a product liability action may not be maintained against a mere innocent seller of a defective product. §13-21-402(1), C.R.S.

3

Plaintiff essentially concedes that his claims other than negligence fall within the ambit of the statute. There also appears to be no dispute that defendant did not itself manufacture the sewer snake, at least in the ordinary sense of the word.[3] However, the Act prescribes a far broader definition of that term. Under that definition, plaintiff argues that defendant may be liable as a manufacturer because it "ha[d] actual knowledge of a defect in a product," and/or because it "alter[ed] or modifie[d] [the] product in [a] significant manner after the product comes into [its] possession and before it [was] sold to the ultimate user or consumer." §13-21-402(1), C.R.S.[4] Nevertheless, plaintiff fails to present sufficient evidence to create a genuine issue of material fact as to defendant's liability as a manufacturer under either of these statutory definitions.

Plaintiff maintains that defendant had actual knowledge of a defect in the sewer snake because, when his daughter returned the snake to defendant's store after plaintiff was injured, the cashier stated "Oh, that sewer snake, like he knew something was wrong with it." (Def. Supp. Resp. App., Exh. 2 at 48 [#50-2], filed August 6, 2010.) Procedurally, this argument and the evidence supporting it were submitted inappropriately and out of time. The deposition testimony of plaintiff's daughter was neither included with nor referenced in his initial response to the motion for summary

---

[3] The device was manufactured by General Wire Spring Company, which is not a party to this action.

[4] To the extent plaintiff intends to assert that defendant is a manufacturer merely by virtue of having rented the product, this argument fails. *See* § 13-21-401(3), C.R.S. ( "'Seller' means any individual or entity, including a manufacturer, wholesaler, distributor, or retailer, who is engaged in the business of selling or *leasing* any product for resale, use, or consumption.") (emphasis added).

4

judgment.  After plaintiff filed his response,[5] he requested leave to supplement the record, noting that he had avoided reference to the full content of defendant's Standard Operating Procedures, which were subject to a protective order, until defendant had been afforded an opportunity to file a motion to seal.  (*See* **Plaintiff Jesus Zapien's Motion for Leave To File Supplemental Response to Defendant's Motion for Summary Judgment** at 2 [#48], filed August 2, 2010.)  Based on that representation, leave was granted.  (*See* **Minute Order** [#49], filed August 3, 2010.)  The supplemental response, however, also included reference to and substantive argument regarding plaintiff's daughter's deposition testimony, which was filed under seal along with the Standard Operating Procedures.  There is no indication that this deposition testimony is subject to any protective order or otherwise entitled to be filed under seal pursuant to The Local Rules of Practice of the United States District Court for the District of Colorado-Civil, nor that it was unavailable to plaintiff at the time he filed his initial response.[6]  More to the point, the submission was beyond the scope of the leave plaintiff requested and was granted to supplement his response out of time.  I am, thus, disinclined to consider it in the first instance.

Yet even if I were to consider the testimony substantively, plaintiff's daughter's subjective belief about what the store cashier meant is insufficient to create a genuine issue of fact for the jury.  *See Rice*, 166 F.3d at 1092.  It is nothing more than rank

---

[5] I note also that plaintiff was granted two extensions of time to file his response, effectively affording him an extra 35 days beyond the deadline contemplated by The Local Rules of Practice of the United States District Court for the District of Colorado-Civil in which to respond to the motion for summary judgment.

[6] The deposition was taken on May 7, 2010.

speculation to conclude from the cashier's inexplicit statement that the product was defective in any particular manner, let alone in a manner that might related to plaintiff's injuries. Apparently plaintiff has never deposed the cashier to ask directly what was said and/or intended to be conveyed by the reported statement. There is no evidence to substantiate prior complaints with this particular sewer snake that might give context to the cashier's statement or to demonstrate that any problem with the device was known to anyone else at Home Depot. In short, this testimony creates no more than a "metaphysical doubt as to the material facts" regarding defendant's actual knowledge *vel non* of any alleged defect in the product, and therefore is not sufficient to overcome defendant's properly supported motion for summary judgment. **Matsushita Electric Industrial Co.**, 106 S.Ct. at 1356.

Nor has plaintiff produced more than his own speculative theories to suggest that defendant altered or modified the sewer snake in any significant manner. Although plaintiff argues that defendant services and repairs the product as needed, he presents no actual evidence suggesting that this particular sewer snake was serviced or repaired, much less that such phantom services or repairs were related to the injuries he sustained. The acts of taking the product out of its box and separating it from the owner's manual, which was offered along with the rental, cannot reasonably be characterized as significant alterations, either.[7] Here again, plaintiff's subjective beliefs or speculations about what *may* have occurred are insufficient to establish that

---

[7] Plaintiff's suggestion that defendant was further required to explain the warnings inside the manual when offering it to customers borders on the frivolous. Moreover, although plaintiff points out that defendant charges a fee for the operating manual at the time of rental, the Standard Operating Procedures clearly state that the fee is waived when the manual is returned. (Plf. Supp. Resp. App., Exh. 1 at 19 [#50]-1], filed August 6, 2010.)

defendant may be held liable as a manufacturer under the statutory definition.

In sum, therefore, plaintiff has not shown that defendant is a manufacturer within the ambit of the Colorado Products Liability Act or that it may not invoke the protections of the innocent seller provision. This determination dooms plaintiff's various product liability claims. As for his negligence claim, it too is subsumed by the provisions of the Colorado Products Liability Act. As cogently explained by Judge Brimmer in a recent decision,

> In 2003, the Colorado legislature amended the innocent seller provision, expressly removing the language that actions must be grounded in a strict liability theory for the provision to apply. . . . Nothing in the current statute suggests that product liability actions based in negligence fall outside of the provision's explicit admonition that "[n]o product liability action" may be brought against a mere seller. Colo. Rev. Stat. § 13-21-402(1); *see also* CJI-Civ Ch. 14, Introductory Note ¶ 5 ("The limitation in § 13-21-402(1) . . . was broadened by the legislature in 2003, when the provision was amended to preclude any product liability action, regardless of the theory, against a product seller unless that seller is also the manufacturer of the product or component part that is the subject of the action.").

***Bullock ex rel. Bullock v. Daimer Trucks North America, LLC***, 2010 WL 1380724 at *2 (D. Colo. March 30, 2010). Plaintiff's original complaint clearly set forth a theory of negligence based on the allegedly defective condition of the sewer snake. (**See Complaint for Damages** ¶¶ 36-40 at 5 [#2], filed September 30, 2009) (asserting claim for "manufacturer's liability based on negligence" and alleging that defendant "was negligent by failing to exercise reasonable care to prevent the sewer snake from creating an unreasonable risk of harm").) That claim plainly comes within the ambit of the Act, entitling defendant equally to the protections of the innocent seller provision.

7

In an obvious effort to overcome the deficiencies of his complaint, and over defendant's objection, plaintiff attempted in the Final Pretrial Order to soft-pedal this claim as simply asserting general negligence. Assuming *arguendo* that this reworking of his theory of negligence is procedurally proper, it is unavailing. Plaintiff apparently intends to argue that defendant breached its duty of care to rent him a sewer snake that was in a reasonably safe condition. (**See Final Pretrial Order** ¶ 3 at 4-5 [#61], filed August 18, 2010.) Yet plaintiff has not designated an expert to opine that the sewer snake was in an unsafe condition or otherwise defective. The mere occurrence of an accident does not give rise to an inference of negligence, unless the doctrine of *res ipsa loquitur* applies. **See Trigg v. City and County of Denver**, 784 F.2d 1058, 1060-61 (10th Cir. 1986). **See also Stone's Farm Supply, Inc. v. Deacon**, 805 P.2d 1109, 1114 (Colo. 1991) ("*Res ipsa loquitur* is a rule of evidence, and as such gives rise to a rebuttable presumption of the defendant's negligence but does not create a substantive claim for relief."). Although plaintiff argues that the facts of this case fall within the ambit of the doctrine, he has failed to demonstrate that the presumption should be applied in this case.

"*Res ipsa loquitur* may be employed when: (1) the event is the kind that ordinarily does not occur in the absence of negligence; (2) other responsible causes, including the conduct of plaintiff and third persons, are sufficiently eliminated by the evidence; and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff." **Stone's Farm Supply**, 805 P.2d at 1114 n.10. To invoke the presumption, plaintiff must adduce evidence demonstrating that each of these elements

8

is more probable than not.  *See* **Holmes v. Gamble**, 655 P.2d 405, 409 (Colo. 1982).

Plaintiff has presented no actual evidence to establish any of these elements.  His *ipse dixit* that regular use of a sewer snake does not generally lead to electrical shock clearly has no evidentiary value.  Indeed, it is equally likely that the risks of electrical shock may be well known to people who rent or use sewer snakes on a regular basis.  Nor has plaintiff eliminated other potential causes of his injuries.[8]  Plaintiff has not shown that he knew how to operate the sewer snake properly or was using it in the manner intended at the time of his injuries.  Moreover, the testimony of defendant's expert suggests several other possible causes of the shock plaintiff received, including the power extension cord plaintiff used with the sewer snake or stray voltage created by any one of several power sources in the home.  (*See* Plf. Resp. App., Exh. 2(A) ¶ 5 at 3.)  Although this is certainly not the full extent of the deficiencies in plaintiff's proof in this regard, it is more than sufficient to demonstrate that he has failed to show an entitlement to the *res ipsa loquitur* presumption.

Without the benefit of this presumption, plaintiff has failed to adduce any competent evidence suggesting that there is a genuine issue of material fact as to the defectiveness *vel non* of the sewer snake.  Although he makes reference to various of defendant's Standard Operating Procedures, he fails to show that defendant violated any of these requirements, much less that the violations arguably rendered the product

---

[8]  Instead, plaintiff argues that defendant has failed to offer evidence to show that he did anything wrong. (Plf. Resp. Br. at 6.)  Only after plaintiff has established a *prima facie* case in the first instance does the burden fall to defendant to rebut the presumption.  *See* **Ravin v. Gambrell by and through Eddy**, 788 P.2d 817, 822 (Colo. 1990) (noting that it is plaintiff's burden to establish elements of *res ipsa loquitur*); **Minto v. Sprague**, 124 P.3d 881, 886 (Colo. App. 2005) (same).  *Cf.* **Stone's Farm Supply**, 805 P.2d at 1114 n.10 (noting that presumption, once supported, "requires the defendant to prove by a preponderance of the evidence that he was not negligent").

defective. His arguments attempt to manufacture an issue of fact out of inferences and speculation. They do not demonstrate a triable issue for a jury.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment and Brief in Support Thereof** [#25] filed June 9, 2010, is **GRANTED**;

2. That plaintiff's claims are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendant, Home Depot USA, Inc., and against plaintiff, Jesus Zapien, as to all claims for relief and causes of action asserted in this action;

4. That the Trial Preparation Conference, currently scheduled for **Friday, September 24, 2010**, at **9:00 a.m.**, as well as the trial, currently scheduled to commence on **Monday, October 11, 2010**, are **VACATED**; and

5. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 2, 2010, at Denver, Colorado.

                                                **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge